# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2014

Lyle W. Cayce
Clerk

No. 12-51270
Consolidated with No. 12-51279

In the Matter of: BP RE, L.P.,

                                        Debtor.

-----------------------------------------------------------------------

BP RE, L.P.,

                                        Appellant,

versus

RML WAXAHACHIE DODGE, L.L.C.;
RML-MCLARTY-LANDERS AUTOMOTIVE HOLDINGS, L.L.C;
RML WAXAHACHIE FORD, L.L.C; RML WAXAHACHIE GMC, L.L.C.;
RLJ-MCLARTY-LANDERS AUTOMOTIVE GROUP,

                                        Appellees.


Appeals from the United States District Court
for the Western District of Texas


ON PETITION FOR REHEARING EN BANC
(Opinion November 11, 2013, 735 F.3d 279)

Before SMITH, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED. The court having been polled at the request of one of its members, and a majority of the judges who are in regular active service and not disqualified not having voted in favor (FED. R. APP. P. 35 and 5TH CIR. R. 35), the petition for rehearing en banc is DENIED.

In the en banc poll, 6 judges voted in favor of rehearing (Chief Judge Stewart and Judges Jolly, Davis, Dennis, Graves, and Higginson, and 8 judges voted against rehearing (Judges Jones, Smith, Clement, Prado, Owen, Elrod, Southwick, and Haynes).


ENTERED FOR THE COURT:


_____/s/___Jerry E. Smith_____
JERRY E. SMITH
United States Circuit Judge




* * * * * * * * * * * * * *

HIGGINSON, Circuit Judge, with whom, STEWART, Chief Judge, JOLLY,[1] DAVIS, DENNIS, and GRAVES, Circuit Judges, join, dissenting from the

---

1 Judge E. Grady Jolly concurs only to the extent that he considers it imprudent to enforce the panel's opinion in light of the anticipated opinion of the Supreme Court in *Executive Benefits*.

2

denial of rehearing en banc:

I write in dissent of denial of full court rehearing to note that this case presents an enbancworthy issue—whether a bankruptcy court, consistent with its statutory authority under 28 U.S.C. § 157(c)(2), may enter final judgment in a non-core proceeding with the parties' consent. The panel opinion holds that it cannot do so consistent with Article III of the United States Constitution. The Supreme Court has granted certiorari and heard argument in *Executive Benefits Insurance Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553 (9th Cir. 2012), *cert. granted*, 133 S. Ct. 2880 (2013), a case that presents the question of whether a bankruptcy court can enter judgment in a core proceeding with the parties' consent. Hence, and speaking to the issue's significance, the role of consent in delineating the scope of Article III is before the Supreme Court and I would be loath to anticipate its answer. I will not belabor the importance of a case that, in effect, strikes down a federal statute and whose result may disrupt the way our district and bankruptcy courts handle a large volume of routine bankruptcy business. Instead, I especially see significance to examining any rationale that might logically extend to precluding magistrate judges from entering judgment with parties' consent.

In *Technical Automation Services Corporation v. Liberty Surplus Insurance Corp.*, 673 F.3d 399, 407 (5th Cir. 2012), this court upheld a magistrate judge's capacity to enter final judgment in civil cases with the parties' consent. In the instant matter, the panel opinion asserts no conflict with *Technical Automation*, but it is hard to see how there is not tension between this case and *Technical Automation*. Both cases recognize the similarities between magistrate and bankruptcy judges. Further, the respective statutes providing a basis for entering judgment with parties' consent are similar. Then, and even assuming *BP RE*'s correctness, our law

3

after *BP RE* is that a magistrate judge's judgment is proper under 28 U.S.C. § 636(c)(1), but a bankruptcy judge's judgment under 28 U.S.C. § 157(c)(2) is improper. Maybe there are good reasons for incongruity, but they are ones I perceive that our full court should explore.

As to *BP RE*'s merits, the panel opinion acknowledges that *Stern* announced a limited holding: "We conclude today that Congress, in one isolated respect, exceeded that limitation in the Bankruptcy Act of 1984." *Stern v. Marshall*, 131 S. Ct. 2594, 2620 (2011). *BP RE* concludes that *Stern*'s reasoning requires the conclusion that Congress exceeded Article III in another respect, even though *Stern* did not address parties' consent. Instead, *Stern* may be less decisive than *CFTC v. Schor*, 478 U.S. 833, 851 (1986), which noted that when "Article III limitations are at issue, notions of consent and waiver cannot be dispositive because the limitations serve institutional interests that the parties cannot be expected to protect." But *Schor* has language supporting both sides of this controversy. *Schor* proclaims: "the parties cannot by consent cure the constitutional difficulty for the same reason that the parties by consent cannot confer on federal courts subject-matter jurisdiction beyond the limitations imposed by Article III, § 2," *id.* at 851, but also that:

> the decision to invoke this forum is left entirely to the parties and the power of the federal judiciary to take jurisdiction of these matters is unaffected. In such circumstances, separation of powers concerns are diminished, for it seems self-evident that just as Congress may encourage parties to settle a dispute out of court or resort to arbitration without impermissible incursions on the separation of powers, Congress may make available a quasi-judicial mechanism through which willing parties may, at their option, elect to resolve their differences.

*Id.* at 855. There is no determinative guidance as to the role consent plays in the Article III analysis of § 157(c)(2). It may be, as *BP RE* suggests, irrelevant as an impermissible cure attempt, or alternatively, consent may be part of the multifactor balancing test to determine whether there is an Article III problem

4

in the first instance. Fortunately, *Executive Benefits* likely will shed light on this issue. Our court will benefit from that guidance, and I write separately to note that I would usefully have incorporated such guidance into our own full court assessment of these weighty constitutional boundaries.